UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARCIA K. DOTSON,<br>    Plaintiff<br><br>v.<br><br>PROGRESSIVE FINANCIAL SERVICES, INC.,<br>    Defendant | CIVIL ACTION<br>COMPLAINT<br><br><br><br>April 18, 2013 |

# COMPLAINT

## INTRODUCTION

1. This is a suit brought by a consumer who has been harassed and abused by Defendant collection agency. This action is for violations of the Fair Debt Collections Practices Act ("FDCPA") 15 U.S.C. § 1692 *et seq.*, the Connecticut Creditors Collections Practices Act ("CCPA"), § 36a-645 *et seq.*, and includes a pendent claim brought under State law for violation of Connecticut's Unfair Trade Practices Act ("CUTPA") Conn. Gen. Stat. § 42-110a *et seq.*

## PARTIES

2. The Plaintiff, Marcia Dotson, is a natural person who resides in Naugatuck, Connecticut.

3. The Plaintiff is 61 and suffers chronic health problems.

4. The Defendant, Progressive Financial Services, Inc., ("Progressive"), is a corporation that operates out of Tempe, Arizona. (See Appendix, Exhibit A.)

5. Progressive is incorporated in the State of Pennsylvania. (See Appendix, Exhibit B.)

6. The Defendant, Progressive, holds three licenses as a consumer collections agency from the Connecticut Department of Banking and is a debt collector as defined by FDCPA §1692a(6). (See Appendix, Exhibit C.)

## JURISDICTION

7. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1367, and 1337 and Fed. R. Civ. P. 18(a).

8. Venue in this Court is proper, as the Plaintiff is a resident of Connecticut, the Defendant is licensed to operate in the state, and the acts complained of occurred in this state.

## FACTUAL ALLEGATIONS

9. On or around November 7, 2012, a caller employed by the Defendant contacted Plaintiff by phone. (See Appendix, Exhibit D, Affidavit of Marcia K. Dotson, line 3.)

10. The call originated from phone number (877) 780-0815. (See Appendix, Exhibit D, Affidavit, lines 3 and 26.)

11. The Defendant's caller identified himself as Brian Williams and said he calling on behalf of Progressive about a debt. He said it was for case number 170-031. (See Appendix, Exhibit D, line 4 and 5.)

12. Plaintiff told Williams that she did not owe Defendant. (See Appendix, Exhibit D, line 6.)

13. The Defendant's caller said Progressive was collecting on a debt to Lazer Lending, LLC ("Lazer Lending") that Progressive had purchased from National Credit Adjusters. (See Appendix, Exhibit D, line 8.)

14. Plaintiff had never received any prior written notice from Progressive. (See Appendix, Exhibit D, line 7.)

15. Plaintiff never authorized a loan from Lazer Lending. (See Appendix, Exhibit D, line 9.)

16. Plaintiff said her late husband he took out the loan in her name without her knowledge. He informed her he had taken out the loan after the fact. (See Appendix, Exhibit D, lines 9-10.)

17. During the aforementioned phone call of November 7, 2012, the Defendant accused Plaintiff of check fraud because a bank account belonging to the Plaintiff, from which Lazer Lending had attempted electronic withdrawals, had been closed. (See Appendix, Exhibit D, lines 11 and 12.)

18. In fact, the Plaintiff did not voluntarily close the account, held at Sikorsky Federal Credit Union, from which Lazer Lending had attempted withdrawals. Sikorsky closed her account of its own volition. (See Appendix, Exhibit D, line 13.)

19. The Defendant's caller offered to close the matter if the Plaintiff would immediately pay $600 at once. (See Appendix, Exhibit D, line 14.)

20. The Plaintiff told the Defendant's caller that she could not afford that amount. (See Appendix, Exhibit D, line 15.)

21. The Defendant's caller then offered to close the account for $500 if she would pay immediately. (See Appendix, Exhibit D, line 16.)

22. Defendant's caller said she wished to speak first with her attorney. (See Appendix, Exhibit D, line 17.)

23. The Defendant's caller refused to speak with the Plaintiff's counsel. (See Appendix, Exhibit D, Lines 17 and 18.)

24. When the Plaintiff expressed desire to speak with her attorney, the Defendant threatened Plaintiff again that he would not negotiate a lower amount, that she would lose the deal and that he would issue an arrest warrant. (See Appendix, Exhibit D, Lines 19 and 20.)

25. Defendant's caller said the Plaintiff could also do jail time in addition to arrest. (See Appendix, Exhibit D, Line 21.)

26. Defendant had no authority to seek a warrant for arrest over the contested consumer debt.

27. The Plaintiff suffered substantial emotional distress and anguish believing she could be arrested and imprisoned. (See Appendix, Exhibit D, Lines 28, 29 and 31)

28. The Plaintiff sought assistance from others to help pay the debt based solely on the belief that she would be arrested if she did not. (See Appendix, Exhibit D, Line 24 through 26 and 30.)

29. Thereafter, the Defendant withdrew $500 from the Plaintiff's account at Naugatuck Savings Bank on November 15, 2012. (See Appendix, Exhibit E, Page 2, and Exhibit D, Line 27)

## FIRST COUNT

30. In the course of collection, the Defendant violated 15 U.S.C. § 1692e (4) by using false, deceptive and/or misleading representations that arrest, imprisonment or seizure of funds will be used in its collections efforts "unless such action is lawful." The aforementioned section specifically bars a collector from the "representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person." The Defendant falsely threatened the Plaintiff with arrest and jail. This constitutes a misleading representation under 15 U.S.C. § 1692e (4) and violates the statute's prohibition against threatening debtors with arrest or imprisonment.

## SECOND COUNT

31. In the course of collection efforts, the Defendant violated 15 U.S.C. § 1692e (5): "The threat to take any action that cannot legally be taken or that is not intended to be taken." The Defendant threatened the Plaintiff with arrest without any grounds for a lawful arrest or the authority to make such threats. Furthermore, the "check fraud" alleged by the Defendant was completely nonexistent because the Plaintiff did not close the bank account of her own volition and lacked the requisite actus reus and mens rea. In carrying out its collection efforts by means of threats with no means of legally enacting those threats, the Defendant violated 15 U.S.C. § 1692e (5).

## THIRD COUNT

32. In the course of collection efforts, the Defendant violated 15 U.S.C. §1692e (7): "The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer." The Defendant said the consumer committed check fraud and could serve time in jail in response to the Plaintiff's expression that she lacked the funds to pay and wished to

4

consult with her attorney. As stated earlier, the "check fraud" alleged by the Defendant was completely nonexistent because the Plaintiff did *not* authorize the loan which invalidated the underlying obligation to Lazer Lending. Furthermore, the Plaintiff did not close the bank account of her own volition and she was unaware the account had been closed until after the fact. This shows she lacked the actus reus and mens rea necessary to establish fraud. As such, the collector's threat had no legal basis. The Defendant's threat, which could not be carried out, was made to coerce the Plaintiff through humiliation and disgrace by telling her she had committed a serious crime, in violation of 15 U.S.C. § 1692e (7).

## FOURTH COUNT

33. In the course of collection efforts, the Defendant violated 15 U.S.C. § 1692c (a) 2 which states that without prior consent of the consumer, a debt collector may not speak with the consumer "after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address …unless the attorney fails to respond within a reasonable period of time to the communication from the debt collector." In this instance, the Defendant refused to speak with the Plaintiff's attorney and threatened her with reprisal if she contacted her attorney. In doing so, the Defendant denied the Plaintiff access to guidance on an appropriate legal response to his threats. As a result of the Defendant's actions, she lacked the sufficient knowledge of how to defend herself against a collector who was acting outside the bounds of law.

## FIFTH COUNT

34. The Defendant violated 15 U.S.C. § 1692 g (a) by failing to give the Plaintiff proper notice of the debt. The statute requires that the collector send the Plaintiff a written notice within five days of initial communication. The notice must state the amount of the debt, the name of the creditor to whom that debt was owed, and notifying her of her rights to dispute the debt. At no time

did the Defendant send the Plaintiff the required notice. The Defendant did not provide the Plaintiff with any kind of written notice of the debt either before or after the phone call. As a result, the Defendant denied the Plaintiff the opportunity to contest the validity of the debt or its amount.

### SIXTH COUNT

35. By engaging in conduct as described above, the Defendant violated CUTPA, Conn. Gen. Stat. §42-110b (a) which prohibits "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." The Defendant's threat to have the Plaintiff arrested, and the Plaintiff's false representation that there is a warrant for her arrest were both unfair and deceptive actions. The Defendant's refusal to speak with the Plaintiff's attorney and his threats to proceed with an arrest warrant if she should contact her attorney and not accept his deal, constitute manifestly unfair practices in the Defendant's efforts at debt collection under Conn. Gen. Stat. §42-110b (a). Further, the above-described conduct of the Defendant is of a type that causes substantial injury to consumers.

### SEVENTH COUNT

36. The Defendant's threats and misrepresentations, as described in 1-29, manifestly violate CCPA § 36a-646: "No creditors shall use any abusive, harassing, fraudulent, deceptive or misleading representation, device or practice to collect or attempt to collect any debt." The Defendant's accusation that the Plaintiff committed a crime, the Defendant's threat to have her arrested, and the Defendant's refusal to speak with her attorney all constitute violations of the aforementioned section of the CCPA.

WHEREFORE, the Plaintiff prays for the following relief: actual damages, statutory damages, and attorney's fees and costs from Progressive Financial Services pursuant to 15 U.S.C. §1692k; actual damages, statutory damages, punitive damages and attorney's fees and costs pursuant to Conn. Gen. Stat. §42-110g.

**The Plaintiff,**
Marcia K. Dotson


By: ___/s/_____
Neil Crane, Esquire
CT14537
2700 Whitney Avenue
Hamden, CT 06518
(203)230-2233 Telephone
(203)230-8484 Fax

# APPENDIX



E-FILED

# STATE OF ARIZONA
# CORPORATION COMMISSION
# CORPORATION ANNUAL REPORT
# & CERTIFICATE OF DISCLOSURE

03716936

**DUE ON OR BEFORE** 02/22/2012      **FILING FEE** $45

PLEASE READ ALL INSTRUCTIONS. The following information is required by A.R.S. §§10-1522 & 10-11522 for all c[orporations]
organized pursuant to Arizona Revised Statutes, Title 10. The Commission's authority to prescribe this form is A.R[.S.]
121(A) & 10-3121(A). YOUR REPORT MUST BE SUBMITTED ON THIS ORIGINAL FORM. Make changes or correctio[ns]
necessary. Information for the report should reflect the current status of the corporation.

F-0749663-0
1. PFS/PROGRESSIVE FINANCIAL SERVICES, INC (FN)
   1919 W FAIRMONT DR
   BUILDING 8
   TEMPE, AZ 85282

   **Business Phone:** 800-760-8285    (Business phone is optional.)
   **State of Domicile:** PENNSYLVANIA    **Type of Corporation:** PROFIT

2. Statutory Agent: JEREMY GAFFNEY
   Mailing Address: 1919 W FAIRMONT DR
   BUILDING 8
   City, State, Zip: TEMPE, AZ 85282

   Statutory Agent's Street or Physical Addre[ss]
   Physical Address:
   City, State, Zip: AZ

**ACC USE ONLY**
Fee $ 45.00
Penalty $ 0.00
Reinstate $ 0.00
Expedite $
Resubmit $

*If appointing a new statutory agent, the new agent MUST consent to that appointment by signing below. Note that the agent address must be in Ari[zona]*

I, (individual) or We, (corporation or limited liability company) having been designated the new Statu[tory Agent]
do hereby consent to this appointment until my removal or resignation pursuant to law.

Signature of *new* Statutory Agent

Printed Name of *new* Statutory Agent

3. **Secondary Address:**
   (Foreign Corporations are REQUIRED to complete this section).
   
   1510 CHESTER PIKE, SUITE 250
   EDDYSTONE, PA 19022

4. **CHARACTER OF BUSINESS**

   CREDIT/COLLECTION

Received: 01/03/2012 16:15

**EXHIBIT A**

F-0749663-0    PFS/PROGRESSIVE FINANCIAL SERVICES, INC (FN)

**5. CAPITALIZATION:** (For-profit Corporations and Business Trusts are REQUIRED to complete this section.)

Business trusts must indicate the number of transferable certificates held by trustees evidencing their beneficial in[terest in the] estate.

**5a.** Please examine the corporation's original Articles of Incorporation for the amount of **shares authorized**.

Number of Shares/Certificates Authorized        Class        Series Within Class (If a[ny])
1000

**5b.** Review all corporation amendments to determine if the original number of shares has changed. Examine t[he] minutes for the number of **shares issued**.

Number of Shares/Certificates Issued        Class        Series Within Class (if a[ny])
388

**6. SHAREHOLDERS:** (For-profit Corporations and Business Trusts are REQUIRED to complete this section.)

List shareholders holding more than 20% of any class of shares issued by the corporation, or having more than [a 20%] interest in the corporation.

WESLEY F HULL

**7. OFFICERS**

Name: LOUIS VALERIO
Title: CHIEF EXECUTIVE OFFICER
Address: 1919 W FAIRMONT DR
BUILDING 8
TEMPE, AZ 85282
Date Taking Office: 05/15/1995

Name: WESLEY HULL
Title: PRESIDENT
Address: 1919 W FAIRMONT DR
BUILDING 8
TEMPE, AZ 85282
Date Taking Office: 05/15/199[5]

Name:
Title:
Address:
Date Taking Office:

Name:
Title:
Address:
Date Taking Office:

**8. DIRECTORS**

Name: WESLEY HULL
Address: 1919 W FAIRMONT DR
BUILDING 8
TEMPE, AZ 85282
Date Taking Office: 05/15/1995

Name:
Address:
Date Taking Office:

Name:
Address:
Date Taking Office:

Name:
Address:
Date Taking Office:

F-0749663-0   PFS/PROGRESSIVE FINANCIAL SERVICES, INC. (PN)

**9. FINANCIAL DISCLOSURE (A.R.S. §10-11622(A)(9))**
Nonprofits – if your annual report is due on or before September 25, 2008, you **must attach** a financial statement (e.g. income/balance sheet including assets, liabilities). If your nonprofit annual report is due after September 25, 2008, a financial stateme Cooperative marketing associations must in all cases submit a financial statement. All other forms of corporations are ex financial statement no matter what date the annual report was due.

**ONLY NONPROFIT CORPORATIONS MUST ANSWER THIS QUESTION:**

**9A. MEMBERS (A.R.S. §10-11622(A)(6))**     This corporation DOES ☐ DOES NOT ☐ ha

**10. CERTIFICATE OF DISCLOSURE (A.R.S. §§ 10-202(D), 10-3202(D), 10-1622(A)(6) & 10-11622(A)(7))**
A. Has any person who is currently an officer, director, trustee, incorporator, or who, in a For-profit corporation, controls or h 10% of the issued and outstanding common shares or 10% of any other proprietary, beneficial or membership interest in been:

1. Convicted of a felony involving a transaction in securities, consumer fraud or antitrust in any state or federal jurisdiction wit period immediately preceding the execution of this certificate?
2. Convicted of a felony, the essential elements of which consisted of fraud, misrepresentation, theft by false pretenses or n monopoly in any state or federal jurisdiction within the seven year period immediately preceding execution of this certifica
3. Subject to an injunction, judgment, decree or permanent order of any state or federal court entered within the seven year p preceding execution of this certificate where such injunction, judgment, decree or permanent order involved the violation
   (a) fraud or registration provisions of the securities laws of that jurisdiction, or
   (b) the consumer fraud laws of that jurisdiction, or
   (c) the antitrust or restraint of trade laws of that jurisdiction?

**One box must be marked:   YES** 

If "YES" to A, the following information **must be submitted** as an attachment to this report for each person subject to actions stated in items 1 through 3 above.
1. Full birth name.
2. Full present name and prior names used.
3. Present home address.
4. All prior addresses for immediately preceding 7 year period.
5. Date and location of birth.
6. The nature and description of each co action; the date and location; the court a involved; and the file or cause number of

B. Has any person who is currently an officer, director, trustee, incorporator, or who, in a For-profit corporation, controls or h the issued and outstanding common shares, or 20% of any other proprietary, beneficial or membership interest in the co in any such capacity or held a 20% interest in any other corporation on the bankruptcy or receivership of that other corpo

**One box must be marked:   YES**

If "YES" to B, the following information **must be submitted** as an attachment to this report for each corporation su statement above.
   (a) Name and address of each corporation and the persons involved.
   (b) State(s) in which it (i) was incorporated and (ii) transacted business.
   (c) Dates of corporate operation.

**11. STATEMENT OF BANKRUPTCY OR RECEIVERSHIP (A.R.S. §§ 10-1623 & 10-11623)**

A. Has the **corporation** filed a petition for bankruptcy or appointed a receiver?  **One box must be marked:   YES ☐**
If "Yes" to A, the following information **must be submitted** as an attachment to this report:
1. All officers, directors, trustees and major stockholders of the corporation within one year of filing the petition for ban appointment of a receiver. If a major stockholder is a corporation, the statement shall list the current president, chai board of directors and major stockholders of such corporate stockholder. "Major stockholder" means a sharehold controlling twenty per cent of the issued and outstanding shares or twenty per cent of any proprietary, beneficial or interest in the corporation.

2. Whether any such person has been an officer, director, trustee or major stockholder of any other corporation withir bankruptcy or receivership of the other corporation. If so, for each such corporation give:
   (a) Name and address of each corporation;
   (b) States in which it (i) was incorporated and (ii) transacted business.
   (c) Dates of operation.

**12. SIGNATURES:** | Annual Reports must be signed and dated by at least one duly authorized officer or they wil I declare, under penalty of perjury, that all corporate income tax returns required by Title 43 of the Arizona Revised St filed with the Arizona Department of Revenue. I further declare under penalty of perjury that I (we) have examined th certificate, including any attachments, and to the best of my (our) knowledge and belief they are true, correct and co

**Name** WESLEY HULL           **Date** 01/03/2012



## Corporations

Search
By Business Name
By Business Entity ID
Verify
Verify Certification
Online Orders
Register for Online Orders
Order Good Standing
Order Certified Documents
Order Business List
My Images
Search for Images

**Business Entity Filing History**
Date: 1/23/2013   (Select the link above to view the Business Entity's Filing History)

### Business Name History

| Name | Name Type |
|---|---|
| PROGRESSIVE FINANCIAL SERVICES, INC. | Current Name |

### Business Corporation - Domestic - Information

| | |
|---|---|
| Entity Number: | 2637195 |
| Status: | Active |
| Entity Creation Date: | 5/15/1995 |
| State of Business.: | PA |
| Registered Office Address: | 1510 Chester Pike Rd, Suite 250<br>Eddystone PA 19022<br>Delaware |
| Mailing Address: | No Address |

### Officers

| | |
|---|---|
| Name: | WESLEY HULL |
| Title: | President |
| Address: | 1919 W FAIRMONT DR<br>TEMPE AZ 85282 |
| Name: | GREG LANG |
| Title: | Secretary |
| Address: | 1919 W FAIRMONT DR<br>TEMPE AZ 85282 |
| Name: | JOSEPH HULL |
| Title: | Treasurer |
| Address: | 1919 W FAIRMONT DR<br>TEMPE AZ 85282 |
| Name: | ROBERT PRINCE |
| Title: | Vice President |
| Address: | 1919 W FAIRMONT DR<br>TEMPE AZ 85282 |

Copyright © 2002 Pennsylvania Department of State. All Rights Reserved.
Privacy Policy | Security Policy



EXHIBIT B

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| CCAG | 9870 | Progressive Financial Services, Inc. | PFS/ Progressive Financial Services, Inc. | 1919 W. Fairmont Drive | Suite 8 | Tempe | AZ | 85282-3183 | (800) 484-0204 |
| CCAG | 17458 | Progressive Financial Services, Inc. | PFS/ Progressive Financial Services, Inc. | 1510 Chester Pike | Suite 250 | Eddystone | PA | 19022 | (800) 347-0165 |
| CCAG | 19937 | Progressive Financial Services, Inc. | PFS/Progressive Financial Services, Inc. | 516 North Production Street | Suite 100 | Aberdeen | SD | 57401 | (800) 347-0165 |

EXHIBIT C

# EXHIBIT D

# AFFIDAVIT

**Marcia K. Dotson,** being truly sworn, deposes and states the following:

1. I am a resident of Naugatuck, Connecticut.

2. I am 61 years of age and have chronic health conditions aggravated by stress.

3. On November 7, 2012, at midmorning, a caller from phone number (877) 780-0815 contacted me.

4. The caller identified himself as Brian Williams and said he was collecting for Progressive.

5. Williams stated it was for case number 170-031.

6. I said I didn't owe anything to Progressive.

7. I never received a bill or notice of any debt from Progressive.

8. Williams said Progressive was collecting on a Lazer Lending account purchased from National Credit Adjusters.

9. I never authorized a loan to Lazer Lending.

10. I was aware that my late husband took the loan out in my name after the fact.

11. Williams said the bank account from which Lazer Lending was attempting withdrawals had been closed.

12. Williams said this was defrauding a check, said it was illegal and that it was crossing state lines.

13. The bank account from which Lazer Lending had attempted withdrawals was closed by Sikorsky Federal Credit Union. I did not voluntarily close the account.

14. Williams said if I made one payment of $600 he would release an order to close, he called it an R.O.F.

15. I told him I could not afford that.

16. Williams then reduced the amount to $500.

17. I asked him to speak with my attorney.

18. Williams said he would not contact my attorney.

19. He also told me that if I contacted my attorney the deal was off.

20. Williams said if we did not proceed with the agreement he would have an arrest warrant issued.

21. Williams said I could do jail time because what I did was illegal.

22. I agreed to pay the $500 because I was scared to death.

23. I agreed to pay the $500 because I did not want to be arrested.

24. I told Williams that I first needed to borrow the money.

25. I was deeply embarrassed to have to borrow money from relatives but felt threatened.

26. Williams gave me his phone number, (877)780-0815, and I called him back at that number.

27. The $500 was withdrawn from my account at Naugatuck Savings Bank on November 15, 2012.

28. I suffered serious emotional distress and anguish as a result of this collector's actions.

29. After the phone call I suffered a severe headache that lasted a full week.

30. I would never have borrowed $500 for Progressive if Williams had not threatened me.

31. I was humiliated, intimidated and coerced by Progressive.

_____
Marcia K. Dotson

Sworn to this 17th day of January

_____
Commissioner of the Court

**NAUGATUCK SAVINGS BANK**
*Experience the Difference*

007291
MARCIA K DOTSON
9 LEWIS CIR
NAUGATUCK CT  06770-4429

13/  3

0823
STATEMENT DATE
11/15/2012 THRU 12/13/2012

| DEPOSIT ACCOUNTS | ACCOUNT NUMBER | BALANCE |
|---|---|---|
| CLASSIC-50 | )829 | 224.34 |
| SAVINGS ACCOUNT | )823 | 8.96 |
| | | 233.30 |

OUR WALLINGFORD BRANCH GRAND
OPENING IS SAT. DEC. 8. JOIN US
FOR OUR MONTH LONG CELEBRATION OF
GIVEAWAYS AND SPECIAL OFFERS.

OPEN ANY ACCOUNT AT OUR NEW WALLINGFORD BRANCH FROM DEC. 8
THROUGH FEB. 28, 2013 AND WE'LL DONATE $25 TO ONE OF FOUR LOCAL
WALLINGFORD CHARITIES. PLEASE VISIT OUR WEBSITE FOR DETAILS.

# EXHIBIT E

PAGE  1



MARCIA K DOTSON

A823
STATEMENT DATE
11/15/2012 THRU 12/13/2012

MARCIA K DOTSON

SUMMARY OF YOUR CLASSIC-50

| BEGINNING BALANCE | | 786.28 | | |
|---|---|---|---|---|
| DEPOSITS & CREDITS | + | 1,951.69 | | |
| WITHDRAWALS & DEBITS | – | 2,513.63– | | |
| ENDING BALANCE | = | 224.34 | CHARGES DEBITED THIS PERIOD | 0.00 |

BALANCE ACTIVITY SUMMARY

| DATE | DESCRIPTION | CREDITS | DEBITS | BALANCE |
|---|---|---|---|---|
| 11/15 | BEGINNING BALANCE | | | 786.28 |
| | PROGRESSIVE                POS | | 500.00– | 286.28 |
| | 855-5518904    PA US      987108 | | | |
| | ************4202   40021419 | | | |
| 11/28 | THE HARTFORD EBD GIPR P PPD | 1,371.69 | | 1,657.97 |
| | 87 CHURCH STREET WK        ATM | | 500.00– | 1,157.97 |
| | NAUGATUCK      CT US      001614 | | | |
| | ************4202   CT000060 | | | |
| | NWS PAYLESS SHOESOU        POS | | 248.73– | 909.24 |
| | WATERBURY      CT US      900962 | | | |
| | ************4202   03764498 | | | |
| 11/29 | 87 CHURCH STREET WK        ATM | | 500.00– | 409.24 |
| | NAUGATUCK      CT US      001768 | | | |
| | ************4202   CT000060 | | | |
| 12/03 | DEPOSIT   87 CHURCH ST | 160.00 | | 569.24 |
| | CHECK  0000000517 | | 250.00– | 319.24 |
| 12/04 | 21ST CENTURY INSURANCE     POS | | 301.33– | 17.91 |
| | 800-241-1188   DE US      000691 | | | |
| | ************4202   079747000192567 | | | |
| 12/06 | DEPOSIT   87 CHURCH ST | 220.00 | | 237.91 |
| 12/10 | 87 CHURCH STREET WK        ATM | 200.00 | | 437.91 |
| | NAUGATUCK      CT US      002798 | | | |
| | ************4202   CT000060 | | | |
| 12/11 | CHECK  0000000518 | | 118.00– | 319.91 |
| | CHECK  0000000519 | | 95.57– | 224.34 |
| 12/13 | ENDING BALANCE | | | 224.34 |

SUMMARY OF OVERDRAFT AND RETURNED ITEM FEES

| | TOTAL FOR THIS PERIOD | TOTAL YEAR-TO-DATE |
|---|---|---|
| TOTAL OVERDRAFT FEES | $0.00 | $30.00 |
| TOTAL RETURN ITEM FEES | $0.00 | $0.00 |

PAGE   2

